HENRY O. LOPEZ, JOSEPH ZARCARO AND ANGELA ZAR-CARO, PLAINTIFFS-RESPONDENTS, v. NEW JERSEY BELL TELEPHONE COMPANY, A BODY CORPORATE OF THE STATE OF NEW JERSEY, DEFENDANT, AND AR-THUR J. SILLS, ATTORNEY GENERAL OF THE STATE OF NEW JERSEY, DEFENDANT-APPELLANT.

Argued May 19, 1969—Decided June 4, 1969.

*Mr. Stephen G. Weiss,* Deputy Attorney General, argued the cause for the appellant (*Mr. Arthur J. Sills,* Attorney General of New Jersey, attorney).

*Mr. Robert I. Ansell* argued the cause for the respondents (*Messrs. Anschelewitz, Barr, Ansell & Bonello,* attorneys).

PER CURIAM: During the course of a State Police investigation of gambling activities in Monmouth County, warrants were issued authorizing searches of the Lopez premises in Asbury Park and the Zarcaro premises in Neptune Township. There were seizures pursuant to the warrants and, at the direction of the Attorney General, telephone service to the premises was discontinued. Thereafter the plaintiffs

filed a complaint in the Chancery Division seeking injunctive relief against the Attorney General and restoration of the service. An order to show cause was issued and answering affidavits were filed on behalf of the Attorney General and the Telephone Company. The Chancery Division granted preliminary injunctive relief but this interlocutory action was set aside in *Lopez, et al. v. N. J. Bell Telephone Co.,* 51 *N. J.* 362 (1968). The mandate on reversal appropriately remitted the cause to the Chancery Division for further proceedings.

When the matter came on for trial or final hearing in the Chancery Division, the plaintiffs presented no testimony. They rested after introducing a stipulation that the plaintiffs had subscribed for telephone service and that it had been terminated by the Telephone Company pursuant to an order of the Attorney General. The Attorney General then also rested without introducing any testimony. Without more, the Chancery Division held that the Attorney General had not carried his burden of establishing that the telephone service had been lawfully discontinued and that the plaintiffs were therefore entitled to its restoration. *Lopez, et al. v. N. J. Bell Telephone Co., et al.,* 103 *N. J. Super.* 449 (*Ch. Div.* 1968).

On the Attorney General's appeal, which we certified under *R. R.* 1:10–1*A,* he mistakenly urges that our prior decision in 51 *N. J.* 362 was dispositive. We there simply held that on the record before it, which included affidavits by members of the State Police, the Chancery Division should not have granted any preliminary relief. *See* 51 *N. J.,* at 374. We did not deal with the matter as on final hearing nor did we direct the entry of final judgment against the plaintiffs. While the affidavits were properly used on the interlocutory application, they could not be used at final hearing to establish the truth of their contents. *See Seitz v. Seitz,* 1 *N. J. Super.* 234, 237 (*App. Div.* 1949). At oral argument the Attorney General represented that the affiants are now available to testify and there would appear to be no valid reason

why they should not be called upon to do so. The public interest is vitally concerned and the matter should be determined on the merits rather than on procedural niceties. To that end the judgment entered in the Chancery Division is reversed and the cause is remanded to afford an opportunity to the Attorney General to establish the validity of his order to the Telephone Company through affirmative oral testimony plus such judicial notice as may be taken under Evidence Rule 9. *See Report, Supreme Court Committee on Evidence* 27–35 (1963).

Reversed and remanded.

*For reversal and remandment* — Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, HALL, SCHETTINO and HANEMAN — 6.

*For affirmance* — None.